USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JOSE HENRIQUEZ,

Defendant.

10 Cr. 73 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Jose Henriquez brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, Henriquez's motion is denied.[1]

I. BACKGROUND

Henriquez was charged with one count of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951 and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Dkt. No. 51.) On September 14, 2010, Henriquez pleaded guilty to both counts before Magistrate Judge Ronald L. Ellis pursuant to a written plea agreement. (Plea Tr., Dkt. No. 75.) This Court accepted the plea on October 13, 2010. (Dkt. No. 71.) Henriquez's plea agreement included a waiver of his right to bring a direct appeal or collaterally attack the sentence pursuant to 28 U.S.C. § 2255 if it fell within the Guidelines Range of 135 to 147 months' imprisonment that the parties stipulated to in the plea agreement. (Plea Agreement at 7.) On March 16, 2011, this Court sentenced Henriquez principally to 102 months in prison—18 months on Count 1 and a mandatory consecutive minimum of 84 months on Count 2. (Dkt. No. 105.) Henriquez appealed, and on August 17, 2012, the U.S. Court of Appeals for the Second Circuit

---

[1] Because "the motion and the files and records of the case conclusively show that [Henriquez] is entitled to no relief," there is no need to serve notice of this motion on the government. 28 U.S.C. § 2255(b). The Court also declines to interfere with the Bureau of Prisons' mail-handling procedures, as Henriquez requests. (Dkt. No. 179.)

dismissed his appeal and summarily affirmed his conviction. (Dkt. No. 164.)

Henriquez subsequently filed a *pro se* motion seeking reduction of his sentence pursuant to Fed. R. Crim. P. 35, 18 U.S.C. § 3231, 18 U.S.C. § 3582(c)(2), 18 U.S.C. § 3742(a)(2) and (e)(1), and 28 U.S.C. § 1651. (Dkt. No. 167.) Finding that this motion was most properly construed as a motion to vacate, set aside, or correct his sentence, the Court provided Henriquez with notice of its intent to construe his motion pursuant to 28 U.S.C. § 2255. *United States v. Henriquez*, No. 10 Cr. 73, 2012 WL 5896749, at *2 (S.D.N.Y. Nov. 20, 2012). Henriquez has informed the Court that he accedes to this characterization of his motion. (Dkt. No. 179.) As such, the Court will rule on this motion construing it as having been made pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Henriquez's motion is denied.

## II. Discussion

In his motion, Henriquez chiefly contends that (1) he did not understand his guilty plea, and therefore his plea—and the waiver of his right to bring a collateral challenge including a section 2255 claim—was not knowing and voluntary; (2) his counsel was ineffective for failing to present certain arguments at sentencing; and (3) the Court's Guideline calculation was incorrect because it denied him certain downward departures from the Guidelines and it subjected him to improper sentence enhancements. None of these claims has merit. Moreover, Henriquez has waived his right to bring any of them.

### A. Henriquez Waived His Right to Collaterally Attack His Sentence

As an initial matter, Henriquez's claims are foreclosed by his written plea agreement in which he explicitly agreed that he would not "bring a collateral challenge" pursuant to 28 U.S.C. § 2255 "of any sentence within or below the Stipulated Guidelines Range of 135 to 147 months' imprisonment." (Plea Agreement at 7.) A defendant's collateral-attack waiver as part of a plea agreement with the government is generally enforceable. *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir.

2

2001) (per curiam). Such a waiver is unenforceable, though, where the record reveals (1) that the waiver was not knowing and voluntary or (2) defendant's counsel rendered ineffective assistance. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002); *Garafola v. United States*, 909 F. Supp. 2d 313, 323–24 (S.D.N.Y. 2012). Neither of these circumstances is present in Henriquez's case.

### 1. *Henriquez's Plea and Waiver Were Knowing and Voluntary*

First, Henriquez's plea and waiver were knowing and voluntary. At the plea allocution on September 14, 2010, Henriquez stated under oath that he had read and understood the plea agreement. (Plea Tr. at 12–13.) He specifically acknowledged that he understood he had waived his right to appeal or to collaterally attack any sentence below 147 months. (*Id.* at 13.) During the colloquy between the Court and the defendant at sentencing, this Court once again reminded Henriquez of his waiver of his right to appeal or to collaterally attack the sentence to the extent it was within or below the Guidelines range. (Sentencing Tr., Dkt. No 115, at 24.) Henriquez further acknowledged that this Court alone would determine his sentence—not the prosecutor or his own attorney. (Plea Tr. at 11.) Henriquez also acknowledged that he would be bound by his guilty plea even if this Court imposed a higher sentence than he expected to receive. (*Id.* at 12.) These facts conclusively show that Henriquez's plea and waiver were knowing and voluntary. *See Garcia-Santos*, 273 F.3d at 508.

Henriquez now argues that his appeal was not knowing and voluntary because he believed he would receive a 60-month sentence. (Motion at 4.) In fact, Henriquez claims that his attorney told him that she had negotiated this sentence with the government. (Motion at 6.) But this contention is contradicted by Henriquez's own sworn statements at his plea hearing. Judge Ellis asked Henriquez, "Aside from what is contained in this plea agreement, have any promises been made by anyone to influence you to plead guilty?" and "Has anyone promised you a specific sentence if you plead guilty?" (Plea Tr. at 13.) Henriquez answered both questions "No, sir." (*Id.*) This Court "is entitled to accept a defendant's statements under oath at a plea allocation as true." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997); *see also United States v. Hernandez*, 242

3

F.3d 110, 112 (2d Cir. 2001) ("[T]he district court was entitled to rely upon the defendant's sworn statements, made in open court with the assistance of a translator, that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement."). Further, Judge Ellis informed Henriquez that the second count to which he was pleading guilty carried a mandatory minimum sentence of seven years' imprisonment. (*Id.* at 5.) Henriquez's argument does not alter the ineluctable conclusion that his plea was knowing and voluntary.

### 2. *Henriquez's Counsel Was Not Ineffective*

Second, Henriquez did not receive ineffective assistance of counsel. To void his waiver on this ground, Henriquez must show that his substantive claim for ineffective assistance of counsel has merit. *See United States v. Oladimeji*, 463 F.3d 152, 155 (2d Cir. 2006). A claim of ineffective assistance of counsel requires Henriquez to show that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009). Henriquez cannot satisfy either prong.

One, the performance of Henriquez's counsel was not objectively unreasonable. Henriquez contends that he did not receive effective assistance of counsel because his attorney misinformed him about the sentence he would receive following his plea. (Motion at 9–10.) But as set forth above, Henriquez's own sworn statements contradict this assertion.

Henriquez also asserts that his counsel failed to argue at sentencing for a role reduction due to his financial circumstances and minimal involvement in the offense. (Motion at 19, 39.) Even if ineffective assistance of counsel at sentencing could be used to avoid the consequences of a plea waiver, this argument simply misrepresents the facts. At sentencing, Henriquez's counsel did explicitly raise the issues regarding Henriquez's family obligations and his minimal role in the

4

crimes. (Sentencing Tr. at 14–17.) Counsel alerted the Court to the circumstances surrounding Henriquez's son, who had been under Henriquez's care, and whose mother resided in the Dominican Republic and was "not focused on bringing [him] up." (*Id.* at 16–17.) Additionally, counsel emphasized that Henriquez attempted to cooperate with the government, that this was Henriquez's first arrest, and that Henriquez played a limited and minor role in the criminal conspiracy. (*Id.* at 17.) This Court discussed and acknowledged on the record Henriquez's minimal role and financial status when determining his sentence. (*Id.* at 25.) The Court took these factors, among others, into account when it sentenced Henriquez to 102 months' imprisonment, a sentence significantly below the stipulated Guidelines range of 135 to 147 months.[2] (*Id.* at 19–22.) Henriquez has therefore failed to show that his counsel's performance was objectively unreasonable.

Two, Henriquez cannot show prejudice—the second prong of the *Strickland* standard. To meet the prejudice prong, Henriquez must show that but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *See United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). Henriquez has done just the opposite. In his motion, Henriquez explicitly states that "he is not withdrawing his guilty plea in this case." (Motion at 9.)

In sum, Henriquez cannot meet either of the *Strickland* prongs. This failure means that the waiver of his right to bring this section 2255 motion is enforceable. It also means that even if he could bring this motion, his claim for ineffective assistance of counsel would fail on the merits.

### B. Henriquez's Other Arguments Do Not Entitle Him to Relief Under Section 2255

Henriquez also asserts that the indictment was defective in failing to inform him of the crime for which he was charged and that counsel filed *Brady* motions that were never responded to by the government. (Motion

---

[2] The Court's consideration of these factors also defeats Henriquez's claim that his sentence and Guidelines range did not take his personal circumstances into account. (Motion at 12, 26.)

5

at 29–30.) In addition to the fact that the waiver provision entered into by Henriquez bars consideration of these claims, Henriquez provides no substantiation for these claims and nothing in the record indicates that the government did not comply with these procedural mandates. *See United States v. Paulino*, 445 F.3d 211, 224 (2d Cir. 2006); *Cardoso v. United States*, 642 F. Supp. 2d 251, 262 (S.D.N.Y. 2009), *aff'd*, 402 F. App'x 569 (2d Cir. 2010). Additionally, Henriquez's sworn statements indicate that he understood the government's charges against him and the consequences resulting from a guilty plea. The remainder of Henriquez's arguments are similarly unavailing.

## III. CONCLUSION

For the reasons set forth above, Henriquez's motion is denied. Because Henriquez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

Dated: New York, New York
      July 26, 2013

SO ORDERED:

Sidney H. Stein, U.S.D.J.